## In re INNS MANAGEMENT, INC., Debtor.

### Bankruptcy No. 8500761.

United States Bankruptcy Court,
D. Rhode Island.

June 23, 1987.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., trustee.

Robert N. Huseby, Sr., Licht & Semonoff, Providence, R.I., for Inn Group Associates.

Robert D. Wieck, Adler, Pollock & Sheehan, Providence, R.I., for Greater Providence Deposit Corp.

Keven A. McKenna, McKenna, Greenwood & Feinstein, Providence, R.I., for debtor.

## ORDER DENYING MOTION FOR RELIEF FROM STAY, MOTION FOR RECONSIDERATION, AND MOTION FOR STAY PENDING APPEAL

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the objections of Greater Providence Deposit Corporation and the debtor to various motions filed by Inn Group Associates. After a review of the various motions, objections and attached memoranda, as well as the case file, we felt that no further hearing was necessary, and have decided the matter on the pleadings.

Briefly, the pertinent background of this matter is as follows: On May 13, 1987, after hearing, we issued an order authorizing the debtor to transfer its liquor license to Astor's Restaurant, Inc. for $40,000. The order also provides that all liens and encumbrances attached to the proceeds of the sale. The full purchase price has been paid to the trustee, who is holding the funds pending approval of the license transfer by the Newport City Council. Thereafter, Inn Group Associates filed the following motions: (1) motion for relief from stay in order to reclaim collateral, including the liquor license, in which it holds a security interest; (2) motion for reconsideration of our May 13 order; (3) motion for stay of the May 13 order pending appeal. The transfer of the liquor license, authorized by the May 13 order, is central to a determination of the request for relief sought by Inn Group Associates.

At the May 12 hearing on the motion to transfer the license, the trustee expressed his intention to abandon any interest he might have in this asset, since it was encumbered far beyond the amount any sale could reasonably bring, and that unsecured creditors stood no chance of receiving anything either from the sale of this asset, or from the estate, generally. The trustee also stated, however, that in his opinion $40,000 was a fair price for this license, based upon his prior experience in similar matters. There is no evidence that the price is inadequate, nor does Inn Group Associates allege in any of its motions, the likelihood, or even the possibility, of a sale at a higher price.

Although the emphasis by the parties has been to attempt to maximize the value of the license for whomever is entitled to the proceeds, Greater Providence expressed the fear that delay during the resolution of the various issues raised here would diminish the value of the license, since the debtor was no longer operating.

The various motions and objections before us involve disputes between so called "secured" creditors, each attempting to salvage whatever it can from the only asset (of value) in the estate, the vastly overencumbered liquor license. Greater Providence is the senior secured creditor, with Inn Group Associates in second position, but takes little solace from its first position as to estate property, since its claim approximates $500,000. Although Inn Group recognizes Greater Providence's superior position, and concedes that it is undersecured, it fails to explain how it could reclaim this collateral, over the objection of a senior creditor whose security interest is not being challenged. In any event, the rights of the parties are not altered or prejudiced by this order, since all liens attach to the proceeds, anyway.

For the foregoing reasons, notably the need to expedite the license transfer, as well as the fact that Inn Group's position is totally unsupported, the motion for relief from stay to reclaim the collateral filed by Inn Group Associates is denied. Also, because the May 13, 1987, order disposed of all the issues raised at that time, and because the motions for reconsideration and

for a stay pending appeal have raised no new issues beyond those decided by the May 13 order, those motions are also denied.